IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAIME REBORN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-548-O-BP |
| | § | |
| UNIVERSITY OF NORTH TEXAS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Amended Complaint filed June 5, 2023. ECF No. 5. This case was automatically referred to the undersigned under Special Order 3. ECF No. 3. After reviewing the pleading and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **TRANSFER** this case to the United States District Court for the Eastern District of Texas, Sherman Division.

Venue in a civil action such as this one is proper in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The Court may transfer any civil action to a more convenient forum where it could have been filed originally "[f]or the convenience of parties and witnesses, in the interest of justice," *id.* § 1404(a); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), or it may transfer a case filed in the wrong district or division "to any district or division in which it

could have been brought." 28 U.S.C. § 1406(a). A district court may raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *see also Empty Barge Lines II, Inc. v. Dredge Leonard Fisher*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006) (collecting cases).

Among the relevant considerations for determining whether transfer is in the interest of justice, as opposed to dismissal when a case is brought in the improper venue, courts examine the plaintiff's reasons for filing suit in the improper district in the first place and ask whether the "plaintiff's belief that venue was proper was in good faith and reasonable." *Seville v. Maersk Line, Ltd.,* 53 F.4th 890, 894 (5th Cir. 2022). Here, *pro se* Plaintiff Jaime Reborn ("Reborn") sues the University of North Texas ("UNT"), a public university located in Denton, Texas. ECF No. 5 at 1. UNT "operates its main campus" in Denton. *Id*. at 2. Reborn alleges that UNT discriminated against him because of his disability while obtaining an online PhD from the university.  *Id*. at 1.

Reborn believed that a suit against a defendant located in Denton would be within this Court's jurisdiction because "[t]he United States District Courts for the Northern District of Texas has jurisdiction over the participants and issue(s) in dispute in this petition." ECF No. 5 at 2. However, this is incorrect. The Court notes that the city of Denton is in Denton County, Texas, which is located within the Sherman Division of the United States District Court for the Eastern District of Texas. 28 U.S.C. § 124(c)(3). The Court further notes that although UNT has a substantial presence at its Health Science Center located in Fort Worth, it conducts its administrative and executive functions in Denton. Likewise, the administrators, educators, and others associated with UNT mentioned in Reborn's Amended Complaint appear to be located in Denton, not Fort Worth. Thus, although Reborn apparently resides in Tarrant County, which is located in the Fort Worth Division of the Court, UNT and the persons with knowledge of facts

2

relevant to Reborn's claims in this case are located in the Sherman Division of the Eastern District of Texas.

Therefore, because venue is improper in this Court, there is no indication that Reborn filed his case here in bad faith, and transfer of venue is appropriate for the convenience of the parties and witnesses and in the interests of justice, the undersigned **RECOMMENDS** that Judge O'Connor **TRANSFER** this case to the United States District Court for the Eastern District of Texas, Sherman Division.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on June 6, 2023.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3